# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**MARCUS WALKER,**                    :

        **Plaintiff**              :        **CIV. ACTION NO. 3:23-CV-966**

        **v.**                         :            **(JUDGE MANNION)**

**MR. SMITH,** *et al.,*              :

        **Defendants**             :

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motion to dismiss plaintiff's second amended complaint. For the reasons set forth below, the motion will be granted in part and denied in part.

## I.    BACKGROUND

Plaintiff, Marcus Walker, an inmate in Somerset State Correctional Institution ("SCI-Somerset") who was incarcerated in Camp Hill State Correctional Institution ("SCI-Camp Hill") at all relevant times, brings the instant case alleging civil rights violations arising from an incident in which he was fired from his prison job. After plaintiff filed an amended complaint, (Doc. 23), defendants filed a motion to dismiss, (Doc. 24). The court granted the motion in part and denied it in part on August 28, 2024, allowing the case to proceed as to Walker's retaliation claim against defendant Smith, but

otherwise dismissing the amended complaint without prejudice to plaintiff's right to file a second amended complaint. (Docs. 32-33). Plaintiff filed a second amended complaint on September 23, 2024, which the court received and docketed on October 2, 2024. (Doc. 35).

According to the second amended complaint, Walker was working in the kitchen at SCI-Camp Hill in February 2022. (*Id.* at 2). Supervisors in the kitchen removed him from his job on February 25, 2022. (*Id.*) He was placed in the "general labor pool," a designation given to inmates who do not have a work assignment. (*Id.*) The second amended complaint alleges that defendant Blough, the prison's corrections employment vocational coordinator, was responsible for placing Walker in the general labor pool because he is the only official with the power to do so. (*Id.*)

On February 28, 2022, Walker then spoke with defendant Smith, a food service steward in the prison, who purportedly told him, "you['re] gonna have to take a break for a while." (*Id.*) The second amended complaint alleges that as of February 28, 2022, no work reports were filed as was purportedly required by Pennsylvania Department of Corrections ("DOC") policy. (*Id.*)

On March 13, 2022, Walker filed a grievance about his termination. (*Id.* at 3). On March 16, 2022, Walker received an "action copy" related to his grievance, which indicated that defendant Blough was the grievance officer

assigned to investigate it. (*Id.*) After being assigned as the grievance officer, Blough informed Smith of the grievance and purportedly instructed him to author a work report. (*Id.*) The second amended complaint asserts that Blough was acting "with the full intentions to work with defendant Smith to combat plaintiff's protected conduct of [filing a] grievance." (*Id.*)

On March 17, 2022, Smith allegedly filed a work report that included a purportedly false claim that Walker was "sabotaging meals to get others sick." (*Id.* at 4). Smith was never investigated or questioned about these allegations and did not learn about the allegations until he was subsequently denied a different prison job and filed a grievance to complain about the denial. (*Id.*) Blough purportedly entered the work report "into the system" later on March 17, 2022. (*Id.* at 5). The complaint alleges that as the assigned grievance officer, Blough was responsible for "look[ing] at all the evidence" and presenting his findings to the grievance coordinator so that they can be submitted into the system. (*Id.*) The complaint asserts that Blough's act of submitting the work report into the system was "essentially" equivalent to a court submitting evidence against one party to a lawsuit. (*Id.*)

On April 27, 2022, Walker spoke with Fells—who was previously named as a defendant—who purportedly informed Walker that he would be "officially" removed from his job beginning that day. (*Id.*) Fells asked Walker

3

to sign a document related to the termination, but Walker refused to do so, worrying that such an action would show that he agreed with the actions that had been taken to that date. (*Id.*) Walker asked for a copy of the document, but Fells refused to give it to him. (*Id.*)

On May 2, 2022, defendant Blough responded to Walker's grievance. (*Id.*) The response purportedly stated that Walker would be paid for the time in which he was "unofficially" removed from his job, but did not reinstate Walker to his job. (*Id.*) The response purportedly "acknowledged" Walker's claims "through omission." (*Id.*) Walker allegedly tried to obtain employment at SCI-Camp Hill approximately a year later, but was denied because of the work report authored by Smith. (*Id.*) The second amended complaint alleges that defendants' actions violated numerous DOC policies, including the code of ethics governing DOC employees. (*Id.* at 6).

The second amended complaint names Smith and Blough as defendants. (*Id.* at 2). Walker asserts claims for: (1) retaliation in violation of the First Amendment; (2) conspiracy to violate Walker's civil rights; and (3) assumpsit under state law. (*Id.* at 10). Walker seeks damages, injunctive relief, and declaratory relief. (*Id.* at 11). Defendants moved to dismiss the second amended complaint on October 2, 2024. (Doc. 37). Briefing on the motion is complete and it is ripe for review. (*See* Docs. 38, 41).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In resolving a motion to dismiss, the court thus conducts "a two-part analysis." *Fowler*, 578 F.3d at 210. First, the court separates the factual

elements from the legal elements and disregards the legal conclusions. *Id.* at 210-11. Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.    DISCUSSION

### A.    Motion to Dismiss

Walker's civil rights claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by

a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

Defendants' motion to dismiss argues that Walker fails to state a claim upon which relief may be granted with respect to any of his three claims. The court reviews the claims *seriatim*.

### 1.    Retaliation

To state a retaliation claim, a plaintiff must allege: (1) he engaged in constitutionally protected conduct; (2) the defendant took retaliatory action against him that was sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) there was a causal connection between the protected conduct and the retaliatory action. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Causation may be pleaded by alleging either an unusually suggestive temporal proximity between the plaintiff's protected conduct and the defendant's allegedly retaliatory action or a pattern of antagonism coupled with timing. *Dondero v. Lower Milford Twp.*,

7

5 F.4th 355, 361-62 (3d Cir. 2021) (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)).

At the outset, the court will deny the motion to dismiss to the extent it seeks dismissal of Walker's retaliation claim against Smith. The substance of this claim has not been amended from Walker's first amended complaint, and the court previously held that the first amended complaint adequately stated a retaliation claim against Smith. (*See* Doc. 32 at 10-11). This holding is law of the case that will not be disturbed in this opinion.

The court will dismiss the retaliation claim, however, to the extent that it is asserted against defendant Blough, because Walker has not cured the pleading defects that the court previously identified. The only actions Blough allegedly took were performing his role as a grievance officer and entering the work report into the system used to track evidence related to grievances. As the court previously noted, these actions appear to simply be administrative tasks that Blough was required to perform as the grievance officer investigating Walker's underlying grievance; they are not sufficiently adverse action to support a retaliation claim against Blough.

There is also no basis to conclude that Blough can be held responsible for Smith's alleged retaliation. The second amended complaint alleges in conclusory fashion that Blough informed Smith of the grievance "with the full

intentions to work with defendant Smith to combat plaintiff's protected conduct of [filing a] grievance," (Doc. 35 at 3), but he does not make any nonconclusory allegations that Blough instructed Smith to retaliate against Walker or any factual allegations as to how Walker knew what Blough's intentions were. Accordingly, the court will dismiss the retaliation claim against Blough but allow it to proceed against Smith.

### 2.    Conspiracy

"A claim for civil conspiracy requires that two or more people conspire to do an unlawful act." *McGreevy v. Stroup*, 413 F.3d 359, 371 (3d Cir. 2005). "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (citing *D.R. ex rel. L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992)). Thus, a plaintiff asserting a conspiracy claim must allege "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Id.* (citing *Twombly*, 550 U.S. at 556).

Walker's second amended complaint plainly fails to state a conspiracy claim upon which relief may be granted because he again fails to make any allegations of an agreement between Smith and Blough. Walker has not

offered anything other than speculation that Smith had the intent to retaliate against him when he informed Smith of the grievance. (*See* Doc. 35 at 3). Even if this unsupported speculation were entitled to the assumption of truth, it would at most establish parallel action by the defendants and would not establish an affirmative agreement between the defendants. The court will therefore dismiss the conspiracy claim.

### 3.    Assumpsit

A claim for assumpsit is a common law action for breach of a promise or contract in which one person has undertaken to do some act or pay something to another. *Assumpsit*, BLACK'S LAW DICTIONARY (12th ed. 2024). Walker's assumpsit claim is based on defendants' purported violation of the DOC's code of ethics and DOC policies DC-ADM 804 and 816. (Doc. 35 at 9). Walker alleges that he and other inmates can enforce the terms of these purported contracts as third-party beneficiaries. (*Id.* at 6).

The assumpsit claim will be dismissed because Walker has not cured the pleading defects that the court previously identified. "[I]n order for a third party beneficiary to have standing to recover on a contract" under Pennsylvania law "both contracting parties must have expressed an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself." *Scarpitti v. Weborg*, 609 A.2d 147, 149 (Pa.

10

1992). Assuming, *arguendo*, that the code of ethics and relevant DOC policies may be treated as contracts, Walker has still failed to cite to any affirmative statements in the code of ethics or the relevant DOC policies giving DOC prisoners the right to enforce the terms of the documents as third-party beneficiaries. To establish his standing to enforce the policies through his assumpsit claim, Walker cites (1) general precatory statements in the policies indicating that correctional staff are supposed to act in ways that help inmates and the community; (2) a statement in the code of ethics indicating that employees who violate the code "shall be subject to immediate disciplinary action by the appointing authority," which Walker construes as a reference to the federal courts; and (3) general statements in the policies directing employees not to violate the policies. (Doc. 35 at 6-8). The court construes these provisions as governing the employment relationship between the DOC and DOC employees and not as provisions that give inmates an affirmative right to enforce the documents as third-party beneficiaries. The court will accordingly dismiss the assumpsit claim.

### B.    Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips*,

515 F.3d at 245. The court will deny leave to amend the dismissed claims as futile. Walker has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

## IV. CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part defendants' motion to dismiss, dismiss Walker's retaliation claim against defendant Blough and his conspiracy and assumpsit claims against both defendants with prejudice, and allow his retaliation claim against defendant Smith to proceed. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

**Dated:** 6/12/25
23-966-02